IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JHOANNA RAMOS | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv253 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Jhoanna Ramos, proceeding *pro se*, filed this motion to vacate, set aside or correct

sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned Magistrate

Judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations

for the disposition of the case.

Prior Proceedings

In 2018, pursuant to a plea of guilty, movant was convicted of conspiring to possess

methamphetamine with the intent to distribute. She was sentenced to 135 months of imprisonment.

The United States Court of Appeals for the Fifth Circuit remanded the case to permit the court to

amend its written judgment to conform to its oral sentencing of movant by removing two

unpronounced special conditions of supervised release. *United States v. Ramos*, 765 F. App'x 70

(5th Cir. 2019). An amended judgment was subsequently entered.

Ground for Review

Movant asserts she received ineffective assistance of counsel in connection with sentencing.

Standard for Review

A court may grant relief under 28 U.S.C. § 2255 only for a "transgression of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "A collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). "Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *Vaughn*, 955 F.2d at 368.

Analysis

*Legal Standard for Ineffective Assistance of Counsel Claim*

To prevail on an ineffectiveness of counsel claim, it must be shown: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1994). For a movant to demonstrate deficient performance a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance must be overcome. *Id*. at 698; *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). To show prejudice, there must be a reasonable probability that but for counsel's professional errors the result of the proceeding would have been different. *Id*. at 687; *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

*Application*

Section 2D1.1(b)(1) of the United States Sentencing Guidelines provides for a two level increase in a defendant's offense level if a dangerous weapon (including a firearm) was possessed. This two level increase was imposed in movant's case. The Presentence Investigation Report ("PSR") stated the increase was justified based on the following:

> On December 1, 2015, the defendant was present at a residence as law enforcement entered. The defendant immediately exited the residence through a window in a bedroom where she and at least two others had been. Within the bedroom, law enforcement discovered a loaded 20 gauge double barreled shotgun and approximately 6.5 grams of suspected methamphetamine.

Counsel did not object to this increase. Movant asserts counsel was ineffective for failing to object to the increase. Movant states the court incorrectly applied the test for a defendant's personal, rather than vicarious, possession of a weapon. Movant contends the court's reasoning was limited to its finding that the weapon was connected to the offense, not that the presence of the weapon was reasonably foreseeable to movant.

Movant states that six people were arrested at a residence in Harris County, Texas. At the time of the arrest, movant was found outside the residence, under a tree in the front yard. She states it is clear she did not have possession of a firearm. Further, she states there was no factual allegation in the PSR that any co-conspirator arrested at the residence used, carried or possessed the dangerous weapon found at the residence. Movant contends that, as a result, it was not foreseeable that she would have known a firearm was possessed by any other individual.

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two level increase "[i]f a dangerous weapon (including a firearm) was possessed." "The Government must prove, by a preponderance of the evidence, that the defendant possessed the weapon." *United States v.*

*Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  The Government can prove possession in one of two ways.  First, the Government can "prove that the defendant personally possessed the weapon by showing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant."  *Id*. at 764-65 (citation omitted).  In addition, the Government can prove possession if a co-conspirator involved in the commission possessed the weapon and the defendant could have reasonably foreseen that possession.  *Id*. at 765 (citation omitted).

Possession can be shown by evidence that there was a temporal and spatial relationship between the weapon, the drug trafficking activity and the defendant.  *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir. 1998) (internal quotations and citation omitted).  This can be done by showing the weapon was found in the same location where drugs were found or where part of the transaction occurred.  *Id*. at 912 (internal quotation and citation omitted).  Once evidence demonstrates a weapon was present, the two level increase should be applied unless it is clearly improbable that the weapon was connected to the offense.  *United States v. Mitchell*, 31 F.3d 271, 277 (5th Cir. 1994).

During the sentencing hearing, the court found the information contained in the PSR had sufficient indicia of reliability to support its probable accuracy.  The court then adopted the factual findings in the report.  A PSR is generally considered reliable enough to be considered by the court as evidence in making the factual findings relevant to sentencing.  *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995).

The PSR states a shotgun and methamphetamine were in a bedroom where movant was at the time she exited the house through a window.  This statement demonstrates a temporal and spatial

relation existed between the shotgun, the methamphetamine and movant. Further, as the methamphetamine and the shotgun were found in the same room, it is not clearly improbable the shotgun was connected to the offense.

Based on the forgoing, it cannot be concluded counsel's failure to attack the two level increase under Section 2D1.1(b)(1) fell below an objective standard of reasonableness. Nor has movant shown she suffered prejudice because counsel did not object to the increase. As a result, her motion to vacate is without merit.

## Recommendation

This motion to vacate, set aside or correct sentence should be denied.

## Objections

Within 14 days after receipt of this report, any party may file written objections to the findings of facts, conclusions of law and recommendations in the report. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within herein within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1).

SIGNED this 29th day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge